# Robb *against* Ankeny.

If a deed made for the purpose of barring an estate-tail be regularly acknowledged in open court and entered upon the records, it will be presumed that such entry was made upon motion, as the Act of Assembly requires.

ERROR to the Common Pleas of *Westmoreland* county.

This was an action of ejectment for 800 acres of land by George Robb against Christian Ankeny and others.

The title to the land was in Gen. Arthur St. Clair, under whom both parties claimed. He, by deed dated the 26th of February 1796, conveyed the same to his daughter, Louisa St. Clair, in fee-tail. She was afterwards intermarried with Samuel Robb, and had issue by him George Robb, the plaintiff. Samuel Robb and Louisa his wife, by deed dated the 21st of March 1803, conveyed the land in fee-simple to Elijah Robb for the purpose of barring the estate-tail, which was duly acknowledged by the grantors in open court.

Amongst the records of the Court of Common Pleas of Westmoreland county, of March Session 1803, the following appears.

*Samuel Robb and Louisa his wife, to Elijah Robb.*

Be it remembered that a certain indenture bearing date the 21st day of March 1803, there made between the parties aforesaid for the purpose of barring an estate-tail vested in the aforesaid Samuel Robb and Louisa his wife, formerly Louisa St. Clair, in virtue of a conveyance from Arthur St. Clair, Esq., to

[Robb v. Ankeny.]

his daughter Louisa St. Clair and the heirs of her body for ever, of in and to two certain tracts of land situate on Loyalhannah creek, in the county of Westmoreland, and containing in the whole 851 acres and 57 perches and allowance, excepting only as in the same deed is excepted, as will more fully appear by the same deed recorded in the office for recording of deeds for Westmoreland county, in Book No. 4, page 91, and in consideration of one dollar to them paid by the said Elijah Robb, was this day acknowledged in open Court of Common Pleas held for said county, on the 22d day of March 1803, by Samuel Robb and Louisa his wife, and entered on the records of this court agreeably to an Act of Assembly entitled " an Act to facilitate the barring of entails."

                    Per THOMAS HAMILTON, *Prothonotary.*

The title of Elijah Robb became regularly vested in the defendants. Samuel Robb and Louisa his wife were divorced from the bonds of matrimony, by Act of Assembly of the 29th of March 1813, which contains a proviso that the issue of Louisa should not be thereby rendered illegitimate. Louisa died about the year 1840, and before this suit was instituted.

WHITE, President, directed a judgment for the defendant.

*Nichols* and *Coulter*, contended that when the law provided certain forms by which so important an act as the barring an estate-tail was to be done, a strict observance of them was necessary. By the Act of 1799, sec. 2, it is required that the record of the deed should be made only upon a motion to the court. In other words, there must be a special order of the court that a record should be made. Here it does not appear that any such order was made, but that it was the act of the prothonotary and made without authority. The record was no better than the record of a deed, which had not been proved or acknowledged. *Court Forms* 170; 4 *Binn.* 113, 204; 4 *Yeates* 413; 1 *Watts* 328.

*Foster*, for defendant in error, whom the Court declined to hear.

PER CURIAM.—There is no substance in this assignment of error; and we notice it particularly only because the statute on which it is founded, lends a legislative sanction to the opinion of the majority of the court in *Bellas* v. *M'Carty*, (10 *Watts* 13), that the acknowledgment of a sheriff's deed is a judicial act which can be established only by record proof of it. The Act of 1799 to facilitate the barring of entails by a conveyance in fee, provides " that every conveyance or assurance by virtue of this Act, being first proved or acknowledged agreeably to the laws of this commonwealth, shall, *in open court, on motion, be entered on the records* of the Supreme Court, or the records of the County Court of Com-

        IV. — 17

mon Pleas for the county in which the lands or tenements so granted lie, *in the same manner commonly used with respect to sheriff's deeds."* This was, not only the sanction of a practice, but a declaration of the law as it then stood and was meant to stand. The exception to the exemplification before us, is the apparent want of a motion to ground the court's admission of the deed to registry; but the motion was not the material part of the proceeding. The intent was to make this species of common assurance as public and solemn as the common recovery it was was intended to supplant had been; and to perpetuate the proof of it by the records of the court—an intent which, in this instance, has been amply answered. That there was a motion in fact, is to be intended: indeed the fact can scarce be doubted. In contemplation of law, there are sometimes things supposed to be done on motion, though none be made; as where leave is taken under the statute to plead several distinct matters; while motions are sometimes made without being entered, and it would be monstrous to overthrow a title for an omission so trivial.

Judgment affirmed.